MICHAEL R. MARRINAN (SBN 90484)
Attorney at Law
Law Offices of Michael R. Marrinan
614 Fifth Avenue, Suite D
San Diego, CA 92101
Telephone: (619) 238-6900
Facsimile: (6190 515-0505

Attorney for Plaintiff

FILED
2009 NOV 24  PM 12:57
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GASPAR PARRA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF SAN DIEGO,<br>M. LUCCHESI and<br>and DOES 1-20,<br><br>　　　　Defendants. | Case No. '09 CV 2652 DMS RBB<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. 42 U.S.C. § 1983–Civil Rights Violations<br>2. 42 U.S.C. §1983–Unlawful Customs, Policies, Habits<br>3. Negligence<br>4. False Arrest<br>5. Civil Code § 52.1 |

Plaintiff alleges:

### JURISDICTION

1. This is a lawsuit for money damages and is brought pursuant to 42 U.S.C. § 1983, et seq., and the First and Fourth Amendments to the United States Constitution, for personal injuries and violation of constitutional rights by defendant City of San Diego and its police officer M. Lucchesi. Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343 and the aforementioned statutory and Constitutional provisions. State claims of negligence, false arrest and Civil Code section 52.1 civil rights violations are alleged as well. Plaintiff invokes the Court's supplemental jurisdiction to consider these state law claims.



ORIGINAL

## GENERAL ALLEGATIONS

2. Plaintiff is and was at all material times mentioned herein a resident of the City of San Diego, State of California.

3. At all times mentioned herein defendants Lucchesi and DOES 1 through 15 were employees of defendant CITY OF SAN DIEGO and in doing the acts hereinafter described acted within the course and scope of their employment. The acts of all defendants and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. The individual defendants named above and DOES 1 through 15 are sued individually and in their capacities as employees of the CITY OF SAN DIEGO.

4. Defendant CITY OF SAN DIEGO is a public entity existing under the laws of the State of California and is the employer of the individual defendants named above.

5. The true names or capacities whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 20 are unknown to Plaintiff, who therefore sues said defendants by said fictitious names. Plaintiff will amend this complaint to show said defendants' true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that all defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

6. Plaintiff is informed and believes and therefore alleges that at all times mentioned herein each of the defendants was the agent, servant and/or employee of each of the remaining defendants and were, in doing the acts herein alleged, acting within the course and scope of this agency and/or employment and with the permission, consent and authority of their co-defendants and each of them, and each is responsible in some manner for the occurrences hereinafter alleged; and that Plaintiff's injuries were proximately caused by the actions of each.

7. On or about April 16, 2009, Plaintiff filed a claim with the City of San Diego for the injuries alleged herein. On or about June 2, 2009 the claim was denied.

## FACTUAL ALLEGATIONS

8. Plaintiff Gaspar Parra is a 56 year old homeowner in the city of San Diego. On December 1, 2008 at approximately 8:30 a.m. Plaintiff was outside of his home when he contacted a San Diego police officer, Sgt. K. Davis, to report that his neighbor had violated a restraining order that Plaintiff had obtained against him.

9. As Sgt. Davis was speaking with Plaintiff's neighbor a second police officer, defendant M. Lucchesi, arrived and spoke to Plaintiff. Plaintiff explained to defendant Lucchesi that he had obtained a restraining order against his neighbor and his neighbor had violated it that morning. Plaintiff went into his residence and returned a short time later.

10. Defendant Lucchesi contacted Plaintiff a second time, this time with some papers that he (Lucchesi) had obtained from Plaintiff's neighbor. Defendant Lucchesi purported to serve Plaintiff with a restraining order that he had obtained from Plaintiff's neighbor. However, it was clear on the face of the papers that they did not contain a restraining order. They were simply a request for a restraining order. No restraining order had been issued, yet Defendant Lucchesi claimed he was serving Plaintiff with a restraining order.

11. Plaintiff tried to explain to Defendant Lucchesi that this was not a restraining order. Plaintiff went into his home and returned with an actual, true restraining order that *had* been signed by a judge – the one Plaintiff had obtained restraining Plaintiff's neighbor from contacting or harassing Plaintiff.

12. At this point, Defendant Lucchesi arrested Plaintiff without a warrant or probable cause. Defendant Lucchesi claimed that Plaintiff was under the influence of illegal drugs, which Plaintiff was not. Plaintiff had not ingested any illegal drugs that day or any other day and there was no probable cause to believe he had. Rather, Plaintiff was arrested in retaliation for exercising his first amendment right to freedom of speech – words that the officer apparently found to be embarrassing or insulting. Regardless, Plaintiff was unlawfully arrested, without probable cause.

13. Rather than being issued a citation as required by Penal Code §853.6, Plaintiff was placed in handcuffs into a police car in full view of his neighbors and the general public. Plaintiff was taken to the county jail and booked into the jail. There, Plaintiff suffered the fear and indignities associated with being booked into and incarcerated in the county jail for no legal or legitimate reason. Plaintiff spent three days wrongfully incarcerated in the county jail.

14. Fortunately, a urine sample was obtained from Plaintiff which was eventually tested and was negative. Plaintiff had no controlled substances in his system as claimed by defendant Lucchesi, just as Plaintiff had told defendant Lucchesi. No charges were ever filed in court against Plaintiff.

15. Plaintiff suffered severe emotional distress from being falsely arrested in front of his home, in full view of his neighbors and the general public. Plaintiff also suffered severe emotional distress as a result of being booked, photographed, strip-searched and spending three days in the county jail. Plaintiff suffered additional emotional distress worrying that he may be charged criminally despite the fact that he was absolutely innocent and had done nothing wrong.

## FIRST CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violation --

Unlawful Seizure]

16. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 15 above as though fully set forth herein.

17. As a result of the acts alleged above, particularly the unlawful arrest described above, Plaintiff was falsely arrested and thus unlawfully seized by Defendant Lucchesi without a warrant or probable cause. Thus, Plaintiff suffered a false arrest and unlawful seizure in violation of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

18. As a further result of the acts alleged above and the act of taking Plaintiff to

jail rather than issuing him a citation as required by Penal Code §853.6, Plaintiff was unlawfully seized by Defendant Lucchesi in violation of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

19. As a further result of the acts alleged above, particularly the act of being arrested in retaliation for speech that was lawful and protected by the First Amendment, Plaintiff suffered a violation of his right to freedom of speech as guaranteed by the First Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

20. As a proximate result of the acts alleged above, Plaintiff was injured in mind and body. Plaintiff suffered severe emotional distress from being falsely arrested in front of his home, in full view of his neighbors and the general public. Plaintiff also suffered severe emotional distress as a result of being booked, photographed, strip-searched and spending three days in the county jail. Plaintiff suffered additional emotional distress worrying that he may be charged criminally despite the fact that he was absolutely innocent and had done nothing wrong. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

21. In committing the acts alleged above, Defendant Lucchesi acted maliciously and/or was guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations via Unlawful Policies, Customs or Habits]

22. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 21 above as though fully set forth herein.

23. On information and belief Plaintiff alleges that defendant CITY OF SAN

DIEGO, through its police department, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its police officers, including Defendant Lucchesi, legally causing the constitutional deprivations, injuries and damages alleged in the First Cause of Action. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.

24. Further, on information and belief Plaintiff alleges that defendant CITY OF SAN DIEGO, through its police department, has an unlawful policy, custom or habit of permitting or condoning the acts of false arrest and unlawful search and seizure by its police officers, including the individual defendant named herein. Defendant City has a further unlawful policy, custom and habit of inadequate training, supervision and disciplining of errant officers, including this defendant.

25. As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiff suffered the injuries alleged in paragraphs 15 and 20 above and thus is entitled to general and compensatory damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

[Negligence]

26. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above as though fully set forth herein.

27. By the acts alleged above, Defendant Lucchesi was negligent and breached his duty of due care owed to plaintiff, thereby causing the injuries and emotional distress described in the First Cause of Action, and the damages described in paragraphs 15 and 19 above.

28. Further, defendant City was negligent in the hiring, training, retention and supervision of its officers, including Officer Lucchesi, thereby causing the injuries and emotional distress described in the First Cause of Action, and the damages described in paragraphs 15 and 20 above. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

[False Arrest]

29. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 above as though fully set forth herein.

30. By the acts alleged herein, particularly the act of arresting Plaintiff without a warrant or probable cause, Plaintiff was falsely arrested, entitling him to damages pursuant to California law.

31. As a result of these acts Plaintiff suffered the injuries and damages described in paragraphs 15 and 20 above, entitling him to damages in an amount to be proven at trial.

32. In committing the acts alleged above, Defendant Lucchesi acted maliciously and/or was guilty of a wanton and reckless disregard for the rights and feelings of plaintiffs, and by reason thereof plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

[Civil Code section 52.1 Civil Rights Violations]

33. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 32 above as though fully set forth herein.

34. The acts alleged above, particularly the acts of false arrest and arrest in retaliation for protected speech, constituted and unlawful seizure and violation of the right to freedom of speech in violation of the Fourth and First Amendments, respectively, as well as Plaintiff's rights guaranteed by the California Constitution. These acts were committed through threats, intimidation and/or coercion. Therefore, Plaintiff is entitled to damages pursuant to California Civil Code section 52.1(b).

35. By reason of the acts of defendants and each of them alleged above, Plaintiff suffered the injuries and damages alleged in paragraphs 15 and 20 above. Plaintiff is therefore entitled to general and compensatory damages against defendants and each of them in an amount to be proven at trial.

36. In committing the acts alleged above, defendant Lucchesi acted maliciously and oppressively and by reason thereof Plaintiff demands exemplary and punitive damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants and each of them as follows:

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2. For exemplary and punitive damages against Defendant Lucchesi only, in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorneys fees; and

4. For such other relief as the Court deems proper.

Dated: November 24, 2009

_____
MICHAEL R. MARRINAN
Attorney for Plaintiff

Plaintiff hereby demands a jury trial in this action.

Dated: November 24, 2009

_____
MICHAEL R. MARRINAN
Attorney for Plaintiff

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GASPAR PARRA

**DEFENDANTS**
CITY OF SAN DIEGO, MALDONES, and DOES 1-20

FILED
2009 NOV 24 PM 12:57
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

(b) County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael R. Marrinan  619-238-6900
614 Fifth Ave., Ste. D San Diego, CA 92101

Attorneys (If Known)
**09 CV 2652 DMS RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**42 U.S.C. Section 1983 Civil Rights Violations**
Brief description of cause: **False Arrest**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **Damages According to Proof**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE ___
DOCKET NUMBER ___

DATE **11/24/09**
SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

---

**FOR OFFICE USE ONLY**

RECEIPT # **7604**   AMOUNT **$350**   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

CR   MD 11/24/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS007604
Cashier ID: mbain
Transaction Date: 11/24/2009
Payer Name: MICHAEL MARRINAN ATTORNEY
------------------------------------
CIVIL FILING FEE
 For: PARRA V CITY OF SAN DIEGO
 Case/Party: D-CAS-3-09-CV-002652-001
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 2721
 Amt Tendered:  $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```